IN THE MATTER OF THE APPEAL FROM THE DENIAL OF THE APPLICATION TO EXCAVATE AND/OR FILL OF A. E. MILLIKEN

No. 7813SC1025

(Filed 16 October 1979)

**Waters and Watercourses § 7— excavation and filling projects in tidelands and marshes—permit required—"after the fact" application—no finding as to prospective activity**

Applications for permits for excavation, dredging, or filling in projects in estuarine waters, tidelands, marshlands, or state-owned lakes must be reviewed prospectively, taking into consideration work already completed; therefore, the Marine Fisheries Commission erred in requesting petitioner to file an "after the fact" application for a permit, in making findings only with

In re Milliken

respect to construction of a causeway which had already been completed, and in failing to make any finding whatsoever as to whether petitioner proposed to carry out or engage in any activity covered by G.S. 113-229.

APPEAL by petitioner from *Herring, Judge*. Judgment entered 8 June 1978 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 22 August 1979.

Petitioner, owner of real property on both sides of Shallotte River, also known as Shallotte Creek, wished to develop his property and started to construct a causeway and a bridge across the river without permits. A Marine Fisheries inspector discovered the project after the roadbed was nearly complete. Petitioner was requested to make an "after-the-fact" application for his permit. The application was considered by various state agencies and was rejected by the Department of Natural and Economic Resources (Department), because the causeway destroyed about three acres of marshland. The Marine Fisheries Commission (Commission) affirmed the action of the Department. Judge Herring affirmed the decision of the Commission and granted the State's motion for summary judgment on those issues not decided by the Commission. Petitioner appealed.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Frink, Foy & Gainey, by Henry G. Foy, for petitioner appellant.*

ERWIN, Judge.

Appellant brought forth five assignments of error. For the reasons stated below, it is not necessary to consider the first three assignments of error.

The statutory authority under which the Department and the Commission have acted is set forth in G.S. 113-229. A careful reading of the statute makes it clear that permits of the type involved in this case are for excavation, dredging, or filling in projects in estuarine waters, tidelands, marshlands, or state-owned lakes. The word "bridge" does not appear in the statute. Let us examine the history of the case as it appears from the record before us.

Appellant began the construction of a causeway in Little Shallotte Creek in 1971; he completed said construction—or at least ceased all such activity in 1973. Appellant now proposes to build a bridge from the causeway across Little Shallotte Creek to a point on adjoining property owned by him. Appellant has apparently completed all contemplated excavation, dredge, or fill activity and does not seek or propose to engage in any further such activity. Nevertheless, certain persons in the Department solicited from appellant an "after-the-fact" permit application. Following the receipt of said application in September 1976, administrative proceedings, including a hearing before the Commission, took place. The ultimate result was that the Department recommended that appellant's permit be denied, and the Commission upheld the Department.

In the hearing process, the Commission considered proposed findings of fact submitted by the appellant and the Department and made extensive findings in substantial agreement with those submitted by the Department. The Commission's conclusions of law, denying the permit, were based on its findings of fact. The Commission's findings of fact are fatally deficient in at least one respect. The pertinent portion of G.S. 113-229(m) reads as follows:

"(m) This section shall apply to all persons, firms, or corporations, their employees, agents, or contractors proposing excavation or filling work in the estuarine waters, tidelands, marshlands and state-owned lakes within the State . . ."

It does not appear that the Commission made any finding whatsoever as to whether appellant now proposes to carry out or engage in any activity covered by the statute. On the contrary, the Commission's own findings seem to make it clear that all activity covered under the provisions of G.S. 113-229 are an accomplished fact.

G.S. 113-229 grants to the Department regulatory authority over excavation or filling projects in any estuarine water, tideland, and marshland. The purpose is to serve the overall purpose of the public interest in the preservation of the natural resources and to protect the rights of owners of riparian property that may be affected by such project. The statutory scheme enacted to effect this purpose is future-oriented. Subsection (a) states that "before any excavation or filling project is begun," a permit application must be filed. Similarly, Subsection (b) refers

to the areas within which "the proposed work will take place." In addition, Subsection (m) provides that "[t]his section shall apply to all persons . . . proposing excavation or filling work . . . and the work to be performed by the State government or local governments." The statutory purpose, then, can only be effected by reviewing a project prior to its completion.

In the instant case, however, the Department requested the applicant to file an "after-the-fact" application for a permit. This process defies the logic and purpose of the statute. We hold that permit applications must be reviewed prospectively, taking into consideration the work already completed.

If the application for the project had been made, as it should have been, before work began on the project, there may have been support for the conclusion of the Department that the project would destroy three acres of marshland and that the permit should be denied. On the contrary, there is some evidence in the record that any attempted restoration by removing the elevated roadway and filling in the parallel canals would result in substantially more damage to the marine life and the environment than would with maintenance of the project in its completed state.

The Department has the authority under G.S. 113-229 to condition its permit so as to require the applicant to take whatever measures are reasonably necessary to protect the public interest with respect to the factors enumerated in G.S. 113-229(e). On remand, the Department should consider whether the public interest may best be served by the issuance of such a conditional permit for the completion of the remainder of the project.

The judgment entered is reversed; the case is remanded to the trial court to be further remanded to the Commission for proceedings consistent with this opinion.

Reversed and remanded.

Judges CLARK and WELLS concur.